IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BEATRICE HUDSON, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:07cv132 |
| vs. | ) | **MEMORANDUM AND ORDER** |
| GERALD E. MORAN, et al., | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Beatrice Hudson, and on filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). The plaintiff engaged in an altercation with the bailiff of a state district court judge before whom she was filing a petition for a protection order. The bailiff called officers of the Douglas County Sheriff's Department who directed the plaintiff to release her legal papers to the bailiff instead of delivering them directly to the judge. The judge later denied the protection order. When the plaintiff protested to the judge, he directed the bailiff to call the sheriff's deputies. The sheriff's deputies escorted the plaintiff out of the courthouse, after which the plaintiff filed a complaint with the sheriff's department. The plaintiff is suing everyone involved for racial profiling, discrimination and violation of her constitutional rights.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

1

> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Judges have absolute immunity from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. "'As a class judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined.'... Termed absolute or judicial immunity, the doctrine shields members of the judiciary from liability in certain instances." Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 622 n. 13 (7th Cir. 2002) (citation omitted). In this case, the defendant was not acting in the complete absence of all jurisdiction, and he has judicial immunity from the plaintiff's claim for damages.

Although the United States Supreme Court held in 1984 that prospective injunctive relief could be granted against a judicial officer acting in his or her judicial capacity, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), Congress amended 42 U.S.C. § 1983, in 1996, by enacting the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996). Section 309(c) of that Act bars injunctive relief in any § 1983 action, with limited exceptions, "against a judicial officer." As amended, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom,

>or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added.) In this case, injunctive relief is foreclosed.

As for the plaintiff's remaining claims, I note that this is the twenty-seventh case filed IFP by the plaintiff in fewer than three years. The plaintiff's cases all involve accusations of racism, racial profiling, conspiracy, retaliation and discrimination against such defendants as the City of Omaha, the Omaha Police Department, the Omaha public library, the Omaha public schools, the Douglas County courts, the Douglas County Sheriff, state and federal judges, the Nebraska Equal Opportunity Commission, former employers, former landlords, the plaintiffs former spouse and many others. Taking judicial notice of the court's records, the plaintiff is inclined to engage in altercations, which she follows up with litigation. The plaintiff has prevailed in none of her cases, and many have been dismissed as frivolous. In the present case, the plaintiff alleges racial discrimination in sweeping conclusory terms, as always, but no factual allegations appear from which an inference of racial animus by the defendants may be gleaned. The plaintiff is abusing the IFP statute.

28 U.S.C. § 1915(e)(2)(ii) provides that this case must be dismissed if (i) the plaintiff is proceeding IFP and (ii) the complaint fails to state a claim on which relief may be granted. The plaintiffs complaint does fail to state a claim on which relief may be granted.

So, the plaintiff may proceed with this action only if her Motion to Proceed IFP is denied, and she pays the court's $350 filing fee. If the plaintiff pays the filing fee by the deadline set forth below, the Clerk of Court will provide the plaintiff with summons forms which the plaintiff may make arrangements to serve upon the defendants. If the plaintiff elects not to pay the filing fee, this case will become subject to dismissal, without prejudice, for lack of prosecution.

THEREFORE, IT IS ORDERED:

1. That this case is dismissed with prejudice regarding Judge Moran;

2. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied;

3. That the plaintiff shall have until April 23, 2007 to pay the court's $350 filing fee if she wishes to continue to litigate this matter; and

4. That if the plaintiff fails to pay the filing fee by April 30, 2007, the remainder of the case will be subject, without further notice, to dismissal without prejudice, for failure to prosecute.[1]

April 17, 2007.          BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[1] See NECivR 41.1, which states in pertinent part: "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."
Even if the plaintiff pays the filing fee, there is no guarantee that the case will be safe from dismissal on other grounds once the defendants enter their appearances and move to dismiss the complaint or assert affirmative defenses.